**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| CLAUDE A. SWANSON, | * |
| | * |
| Plaintiff, | * |
| | * Civil No. TMD 17-2192 |
| v. | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Claude A. Swanson seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

I

**Background**

Born in 1962, Plaintiff has an associate's degree and past relevant work as a general office clerk, collections clerk, and insurance clerk. R. at 30, 43. Plaintiff protectively filed applications for DIB and for SSI on October 22, 2010, alleging disability beginning on September 2, 2010, due to anxiety and panic disorder. R. at 428-38, 503, 506. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 109-26, 175-87, 191-92. On July 26, 2012, ALJ Eugene Bond held a hearing (R. at 40-50) and issued an unfavorable decision on September 5, 2012 (R. at 127-42). On November 4, 2013, the Appeals Council granted Plaintiff's request for review and remanded to the ALJ. R. at 143-48, 575-79.

On September 24, 2014, the ALJ held a supplemental hearing (R. at 51-71) and issued an unfavorable decision on January 6, 2015 (R. at 149-69). On February 18, 2016, the Appeals Council granted Plaintiff's request for review and remanded the matter to another ALJ. R. at 170-74, 331.

On September 13, 2016, ALJ Francine L. Applewhite held a supplemental hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 72-108. On November 10, 2016, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of September 2, 2010, through the date of the decision. R. at 17-39. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on May 31, 2017. R. at 1-6, 425-26. The ALJ's decision thus became the final

decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On August 3, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Summary of Evidence

**A.  Plaintiff's Testimony**

The ALJ reviewed Plaintiff's testimony in her decision:

> In this case, [Plaintiff] reported full disability based on his impairments. He testified to good and bad days. He indicated that on a good day, his anxiety is manageable. However, he cautioned that on a bad day, he experiences significant psychological symptoms, including anxiety, panic, and feelings of hopelessness. He noted difficulty looking at people directly in the face, reading, and staying calm. Overall, he reported that he has trouble paying attention, completing tasks, and remembering. He wrote that he could pay attention only for a few moments before his thoughts start to wander or race. He stated that sometimes, he has trouble following spoken instructions. He added that he does not participate in as many social activities, though he has no difficulty getting along with authority figures. In all, he contended that he could not perform full-time work on a competitive basis due to his impairments[.]

R. at 26; *see* R. at 78-101.

**B.  VE Testimony**

The VE testified that a hypothetical individual with the same age, education, and work experience as Plaintiff and with the residual functional capacity ("RFC") outlined below in Part III could not perform Plaintiff's past work but could perform the unskilled jobs of marker,

housekeeping cleaner, or addresser.[3]  R. at 103-06.  A person able to remain on task 90% of an eight-hour workday could perform these jobs.  R. at 106.  A person consistently off task more than 10% of a workday would be unable to sustain competitive employment, however.  R. at 107.  With the exception of his testimony regarding time spent off task, the VE's testimony was consistent with the *Dictionary of Occupational Titles*.[4]  R. at 106-07.

## III

### Summary of ALJ's Decision

On November 10, 2016, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of September 2, 2010; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could perform other work in the national economy, such as a marker, housekeeping cleaner, or addresser.  R. at 23-31.  The ALJ thus found that he was not disabled from September 2, 2010, through the date of the decision.  R. at 31.

---

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  20 C.F.R. §§ 404.1568(a), 416.968(a).

[4] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1).  "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption."  *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

In so finding, the ALJ found that, with regard to concentration, persistence, or pace, Plaintiff had moderate difficulties. R. at 24.

> He testified that he has good and bad days, depending on his level of anxiety. He reported symptoms of hyperactivity, restlessness, and inattentiveness. He specified that he could pay attention only for a few moments. Yet, he wrote that he does not need special reminders to take care of personal needs. He acknowledged that he is able to take care of his own finances. He said that he pays attention to instructions well, though he has trouble handling stress and changes in routine. Medical records identify impaired memory at times but grossly intact orientation, fund of knowledge, and thought content/process.

R. at 24.

The ALJ then found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: work in a low stress job, defined as occasional interaction with coworkers and the public, few if any workplace changes, and occasional decision-making; remain on task ninety percent or more of the eight-hour workday.

R. at 25.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 26. The ALJ found that

> the objective medical evidence generally does not support the severity of [Plaintiff's] subjective statements. He has a history of "severe" mental impairments. Since the alleged onset date, he has presented with anxiety, panic, and feelings of hopelessness on some occasions but denied symptoms altogether on many others. In addition, he has expressed symptomatic improvement with regular medication management and individual therapy. There is no evidence of intensive mental health treatment besides one emergency room visit for anxiety in September 2010. All the while, he has had largely unremarkable mental status examinations. At times, he has shown anxious, constricted affects and worried, depressed moods. However, he has maintained cooperative behavior and good eye contact. His manner of relating has remained within normal limits. He has

> acknowledged getting along well with authority figures. Thus, the overall evidence supports only the above social contact limitations. Per the consultative psychologist, he has displayed a mild cognitive impairment. Treatment notes show some impaired memory but mostly normal concentration, fund of knowledge, and intellect. His mental health providers have assessed his condition as "stable/improving." As such, the longitudinal evidence supports only the above low stress and off task limitations.

R. at 28-29.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[5]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[5] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# VI

## Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[6] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-10, ECF No. 15-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 6. In particular, he contends that, although the ALJ found that he had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration, persistence, or pace in the RFC assessment. *Id.* at 7-8. Rather, according to Plaintiff, the ALJ limited him "to performing work with few if any workplace changes and occasional decisionmaking." *Id.* at 8 (citing R. at 25). Plaintiff also argues that the ALJ did not explain how she determined his RFC, including his capacity to remain on task for at least 90% of an eight-hour workday. *Id.* at 6 (citing R. at 25). Plaintiff further asserts that the ALJ erroneously assessed the opinion evidence and his subjective complaints. *Id.* at 9-12. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative

---

[6] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's

limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ's limiting Plaintiff's RFC to performing work with occasional interaction with co-workers and the public; few, if any, workplace changes; and occasional decision-making (R. at 25, 103, 105) does not account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace. *See Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (rejecting contention that "the ALJ accounted for [the claimant's] limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Henry v. Colvin*, No. CV 15-3064-KES, 2016 WL 2851302, at *3 (C.D. Cal. May 13, 2016) ("Limiting job-related decision-making is just another way of limiting the claimant to simple or unskilled work. To say a job has few changes in the work setting is just another way of saying the job is 'routine' or 'repetitive.'" (citations omitted)). *But see Willis v. Colvin*, Civil No. TMD 15-2301, 2016 WL 3440126, at *7 (D. Md. June 22, 2016); *Eastwood v. Colvin*, No. 3:15CV156 (REP), 2016 WL 805709, at *4 (E.D. Va. Feb. 12, 2016) ("The ALJ

accounted for Plaintiff's persistence through the 'few workplace changes' limitation, accounted for Plaintiff's concentration through the 'little independent decision-making' limitation and accounted for Plaintiff's pace through the 'assembly-line pace' limitation."), *report and recommendation adopted*, No. 3:15CV156, 2016 WL 881123 (E.D. Va. Mar. 1, 2016); *Abee v. Colvin*, No. 1:14-CV-76-GCM, 2015 WL 5330452, at *6 (W.D.N.C. Sept. 14, 2015) ("[T]he ALJ's findings specifically addressed the Plaintiff's ability to stay on task as required by *Mascio*. The ALJ accounted for the Plaintiff's limitation in pace by restricting him to 'sedentary work,' and he accounted for his limitation in concentration and persistence by restricting him to a low-stress work environment with occasional decision-making, occasional changes in the work setting, and occasional interaction with the general public.").

Moreover, although "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), "the ALJ 'must build an accurate and logical bridge from the evidence to [her] conclusion.'" *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Here, the ALJ failed to explain how, despite Plaintiff's moderate limitations in concentration, persistence, or pace, he could remain on task for at least 90% of an eight-hour workday. Rather, the ALJ in this case found the following:

> Per the consultative psychologist, he has displayed a mild cognitive impairment. Treatment notes show some impaired memory but mostly normal concentration, fund of knowledge, and intellect. His mental health providers have assessed his condition as "stable/improving." As such, the longitudinal evidence supports only the above low stress and off task limitations.

R. at 28-29. The ALJ noted that Plaintiff had moderate difficulties in concentration, persistence, or pace, although he "does not need special reminders to take care of personal needs. He acknowledged that he is able to take care of his own finances." R. at 24. The ALJ also found that Plaintiff's symptom stabilization or improvement and his ability to use public transportation and to shop in stores belied a marked limitation in mental functioning. R. at 29. The ALJ, however, "failed to explain how this evidence translated into a determination that [Plaintiff] would be off task [no more than] 10% of the time. . . . Accordingly, without further explanation, [the Court is] unable to ascertain how the ALJ assessed [Plaintiff's] mental limitations, and how those difficulties impacted the RFC assessment." *Petry v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017); *see Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday).

Again, the ALJ "need not address every piece of evidence, but [she] must establish a logical connection between the evidence and [her] conclusion." *Lanigan*, 865 F.3d at 563. The ALJ's failure to do so in this case frustrates meaningful review. *See Carter v. Berryhill*, No. 2:17-CV-04399, 2018 WL 4169108, at *3 (S.D.W. Va. Aug. 30, 2018) (remanding because ALJ "did not build a bridge from the evidence regarding [the claimant's] limitations to the conclusion that she would be off-task fifteen percent (15%) of the day, in addition to regular breaks"). Remand under the fourth sentence of 42 U.S.C. § 405(g) thus is warranted, and the Court does not address Plaintiff's remaining arguments. *See Monroe*, 826 F.3d at 189; *see also Testamark v. Berryhill*, __ F. App'x __, No. 17-2413, 2018 WL 4215087, at *3 n.2 (4th Cir. Aug. 31, 2018) (per curiam).

## VII

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 19, 2018

/s/
Thomas M. DiGirolamo
United States Magistrate Judge